UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| PRESTON C. TUCKER, | ) | CASE NO. 1:13 CV 1260 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| U.S. BANK, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is *pro se* Plaintiff Preston C. Tucker's above-captioned *in forma pauperis* Complaint. Mr. Tucker names U.S. Bank, N.A., Trustee for the Holder of the SASCO 2006-BC4 Trust Fund, Attorney Ted A. Humbert and Bank of America as Defendants. He asserts the Defendants violated the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2605, and engaged in mail fraud, predatory lending practices, as well as several other State law violations.

Plaintiff, who was incarcerated at the Federal Prison Camp in Loretto, Pennsylvania

at the time he filed this Complaint,[1] also asserts the Court's jurisdiction based on diversity of citizenship. Mr. Tucker claims he is a resident of Pennsylvania and believes Texas is the principle place of business for both U.S. Bank and Bank of America. He also claims Defendant Attorney Humbert's principle place of business is in Ohio. Further, he maintains venue in the Northern District of Ohio is proper because the controversy involves real estate located in Maple Heights, Ohio.

Plaintiff seeks declaratory relief, as well as $2000.00 in statutory damages, $87,200 actual damages and $100,000 punitive damages. For the reasons set forth below, the Court lacks jurisdiction based on diversity of citizenship and Plaintiff has failed to a claim for relief based on fraud.

*Background*

Mr. Tucker alleges he is the sole owner of real property located at 5115 Stanley Avenue, Maple Heights, Ohio ("the property"). On August 2, 2006, he executed a promissory note in favor of Countrywide Home Loans ("Countrywide"), which was secured by a mortgage against the property to Mortgage Electronic Registration System, Inc. ("MERS"), a mortgage registration company. On or about August 9, 2011, he alleges the Defendants' claim MERS assigned its interest in the mortgage to U.S. Bank. Plaintiff disputes this assertion, however, and alleges that the promissory note was not assigned, but still held by Bank of America as the "successor in interest" after it was purchased by Countrywide. Mr. Tucker states he has been advised that both Bank of America and U.S. Bank are servicing the note. Bank of America also allegedly offered to "enter[]

---

[1] Plaintiff advised the Court that he has been transferred from F.C.I. Loretto and is now serving his sentence at the Federal Correctional Institute "Low" in Butner, South Carolina.

into a new security interest [, but] [a]t no point did Bank of America indicate that their authority to do so rested with a third party." (Doc. No. 1 at ¶14.)

In August 2012, Mr. Humbert mailed a letter to Tatianna A. Cotton, "the current spouse of the Plaintiff." (Doc. No. 1 at ¶20.) He argues Ms. Cotton was never a signatory on the mortgage agreement and, therefore, had no legal rights or obligations to it. Moreover, he and Ms. Cotton are "presently separated and are preparing to proceed with divorce proceedings." *Id*. Under these circumstances, Mr. Tucker complains Mr. Humbert had no right to contact Ms. Cotton as a third party and disclose his personal information to her without his express consent.

On or about August 20, 2012, Mr. Tucker mailed a Notice to Mr. Humbert directing him to "cease and desist from further actions and communications related to alleged debt."(Doc. No. 1 at ¶24.) Instead of complying with his request, however, Plaintiff alleges "the Defendants persisted in litigating a lawsuit . . . where Mrs. Cotton was named as a 'Jane Doe' Defendant in the pleadings."[2] (Doc. No. 1 at ¶25.) Mr. Tucker states that these disclosures to Ms. Cotton, as a third party, violated his rights under 15 U.S.C. §1692(c)(b).

Plaintiff alleges Bank of America, as successor in interest to Countrywide, was obligated to provide him 15 days advance notice before it transferred the servicer of his mortgage. Moreover, he alleges U.S. Bank never provided the requisite notice within 15 days after the transfer went into effect. Even though Plaintiff alleges each Defendant claims it is servicing his loan, neither Bank of America nor U.S. Bank allegedly provided notice to Mr. Tucker, in direct violation of 12 U.S.C.

---

[2]     A foreclosure action was filed against Plaintiff on July 23, 2012 in the Cuyahoga County Court of Common Pleas. *See U.S. Bank National Association, as Trustee etc. vs. Preston C. Tucker, et al.*, No. CV-12-787643 (Ct. Com. Pl. Cuyahoga Ct.)(McCormick, J.) Judge McCormick dismissed the complaint on January 18, 2013, without prejudice, based on the Defendant's failure to file the appropriate verification affidavit.

§2605(k)(1)(E).

Finally, Plaintiff alleges that all of the confusion surrounding the assignment of his mortgage has clouded the "true holder of the Note and the Mortgage on the Real Property." (Doc. No. 1 at ¶ 54.) As a consequence, he complains he is unsure to whom he should pay his mortgage and seeks a declaratory judgment identifying the "true and correct legal owner of the Note and Mortgage on the property." (Doc. No. 1 at ¶56.) In the alternative, he asks the Court to void the Note and Mortgage if the holder cannot be identified.

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss any claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this Court lacks subject matter jurisdiction based on diversity of citizenship and Plaintiff's claims based on **fraud** are dismissed pursuant to 28 U.S.C. § 1915(e).

*Diversity Jurisdiction*

Plaintiff asserts this Court's jurisdiction based on both federal question and diversity of citizenship. Although he may have stated arguable RESPA and FDCPA claims in light of the Sixth Circuit's recent opinion in *Glazer v. Chase Home Finance LLC*, 704 F.3d 453 (6th Cir. 2013), Plaintiff has failed to establish diversity jurisdiction.

To constitute diversity jurisdiction, a complaint must not only show that the amount in

-4-

controversy exceeds $75,000, but also include complete diversity of citizenship---such that all parties on one side of the controversy are of diverse citizenship from all parties on the other side at the time the complaint is filed. *See* 28 U.S.C. § 1332; *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828-31(1989). Although Plaintiff was incarcerated in Pennsylvania when he filed this Complaint, he has not averred that his domicile is in Pennsylvania.

For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39, 41 (6th Cir.1994); *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir.1973). Domicile is established by an intent to remain in a particular state permanently, or at least indefinitely. *Stifel*, 477 F.2d at 1120. Domicile is not lost by protracted absence from home, where the intention to return remains. *Id*. It is apparent from the facts stated in the Complaint that the Plaintiff was a resident of Ohio prior to his current federal incarceration. Moreover, he asserts an ownership interest in real property located in Ohio. Most cases have uniformly held that incarceration does not change a prisoner's domicile for purposes of the diversity statute. *See Polakoff v. Henderson*, 370 F.Supp. 690, 693 (N.D.Ga.1973)("A prisoner does not acquire a new domicile in the place of incarceration, but retains the domicile he had prior to incarceration."), *affirmed*, 488 F.2d 977 (5th Cir. 1974); *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977)( per curiam )("With respect to the domicile of prisoners, the traditional rule is that a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead he retains the domicile he had prior to his incarceration."), *cert. denied*, 431 U.S. 941 (1977). Just as the simple fact of Plaintiff's incarceration in Pennsylvania does not establish his domicile in that state, his recent transfer to a prison in South Carolina does not automatically shift his domicile to that state either. *See e.g. Nouse v. Nouse*, 450 F.Supp. 97, 100 (D. Md. 1978)("plaintiff has not lost his

status as a citizen of Maryland and become a citizen of Pennsylvania simply because of his incarceration in that state.") Because the Court finds Plaintiff is a citizen of Ohio and he avers Defendant Humbert is a citizen of Ohio, diversity jurisdiction does not exist. *See Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir.1999)(diversity jurisdiction only exists when Plaintiff is a citizen of a different state than all Defendants).

*Fraud*

The Complaint is replete with conclusory allegations of fraud. Plaintiff has not, however, pled fraud against the Defendants' with adequate particularity. Under Rule 9(b) of the Federal Rules of Civil Procedure, a plaintiff is required to plead allegations of fraud with particularity. Pursuant to this requirement:

> at a minimum the fraud claimant should allege 'the parties and participants to the alleged fraud, the representations made, the nature in which the statements are alleged to be misleading or false, the time, place and content of the representations, the fraudulent scheme, the fraudulent intent of the defendants, reliance on the fraud, and the injury resulting from the fraud.'

*Stone v. Mehlberg*, 728 F.Supp. 1341, 1351 (W.D. Mich. 1989)(citing *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir.1988)). The fact that Plaintiff is proceeding *pro se* does not relieve him from his duty to meet the minimal requirements for alleging fraud. *Id*

*Conclusion*

Based on the foregoing, Plaintiff is granted leave to proceed *in forma pauperis* (Doc. No. 4). The Court finds he has failed to state any claims against the Defendants based on fraud and has failed to establish this Court's jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. As to Plaintiff's claims based on federal question jurisdiction and supplemental state law claims, the

Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process, which must be perfected within 120 days of this order. *See* FED. CIV. R. 4(m). The Clerk's Office shall include a copy of this Order in the documents to be served upon the Defendants. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

    IT IS SO ORDERED.

                                      s/ Christopher A. Boyko
                                      CHRISTOPHER A. BOYKO
                                      UNITED STATES DISTRICT JUDGE

DATED: March 24, 2014

---

[3] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."