UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PRESTON TUCKER,** | ) | CASE NO.1:13CV1260 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| **U.S. BANK, N.A., ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Report and Recommendation of the Magistrate Judge that the Motions for Judgment on the Pleadings of Defendants Ted Humbert, Bank of America, N.A., and U.S. Bank, N.A.(ECF #'s 12, 30, & 32) be granted; that Plaintiff Preston Tucker's ("Tucker") Motion to Rebut Defendant's Answers and Objects of Dismissal (ECF # 21) be construed as his opposition to the Defendants' Motions as opposed to a motion seeking relief; and that Tucker's Reply to Brief and Motion for Summary Judgment (ECF # 34) be denied insofar as it seeks relief against the Defendants.  Also before the Court are Plaintiff's Motions to Amend (ECF #s 47 & 53).  For the following reasons, the Court Adopts the Report and Recommendation of the Magistrate Judge, grants Defendants' Motions for Judgment on the Pleadings, construes Tucker's Motion to Rebut as an opposition brief, and

denies Tucker's Motion for Summary Judgment. The Court further denies Plaintiff's Motions to Amend.

**Background**

Tucker alleges he is the sole owner of real property located at 5115 Stanley Avenue, Maple Heights, Ohio. According to his Complaint, Tucker signed a Note with Countrywide Home Loans for $87,000, secured by a mortgage against the Stanley Avenue property. Mortgage Electronic Registration Systems, Inc. ("MERS") is the named mortgagee.[1] On August 29, 2011, MERS allegedly assigned its interest in the Mortgage to U.S. Bank as trustee for the holders of the SASCO 2006-BC4 Trust Fund. Tucker contends there was no assignment of interest and Bank of America, as successor in interest to Countrywide, holds the Note. Bank of America services the Note, however, Tucker contends he has been advised that U.S. Bank also services the Note. U.S. Bank through various agents, including Humbert, has twice attempted to foreclose on the property. Tucker contends Bank of America has contacted him about entering into a new security interest. Bank of America has never indicated to Tucker that Bank of America's authority to renegotiate the terms depended upon a third party.

In Count One of Plaintiff's Complaint, Tucker alleges that in August 2012, Humbert violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(b) ("FDCPA") by sending a letter to Tucker's then wife, Tatianna Cotton, who was not a signatory to the mortgage agreement. The letter allegedly disclosed Tucker's personal information to Cotton without Tucker's consent.

---

[1]  Complaint says MYERS.

In Count Two of his Complaint, Tucker alleges Defendants never provided him the statutory fifteen day notice before it transferred the servicer of his mortgage and never provided him with the requisite statutory notice after the transfer went into effect. This failure to notify Tucker allegedly violates the Real Estate Settlement Procedures Act of 1974 ("RESPA").

Finally, in Count Four of Tucker's Complaint, Tucker requests declaratory judgment from the Court on the identity of the true owner of the Note and Mortgage of the Stanley Avenue property.[2]

From April through June of 2014, Defendants filed their respective Motions for Judgment on the Pleadings. Those Motions were fully ripe for ruling in August of 2014. The Magistrate Judge issued her Report and Recommendation on August 21, 2014. On September 4, 2014, Plaintiff filed his Objections to the Magistrate Judge's Report and Recommendation.

**Report and Recommendation**

The Magistrate Judge recommends granting Defendants' Motions on all Tucker's claims. On Tucker's FDCPA claims, the Magistrate Judge held that Tucker's Complaint alleged no specific allegation against U.S. Bank. The Magistrate Judge further held that because Cotton was Plaintiff's wife at the time correspondence was sent to her, no violation of the FDCPA occurred. Under the FDCPA, a debt collector may communicate with the consumer. Consumer is defined under the FDCPA to include the consumer's spouse. Therefore, Defendants' communication to Cotton did not violate the FDCPA. Because

---

[2] In a prior ruling, the Court dismissed Count III of Plaintiff's Complaint alleging a fraud claim.

Tucker's Motion for Summary Judgment relies on these same arguments, the Magistrate Judge recommends Tucker's Motion must be denied.

The Magistrate Judge further recommends that Defendants' Motions be granted on Tucker's RESPA claim. According to her Report and Recommendation, the Magistrate Judge determined that Tucker failed to plead sufficient facts demonstrating that U.S. Bank is the servicer of his loan such that it had any obligation to provide notice to Tucker of a transfer. In its Answer, U.S. Bank denied that it claimed to be servicing his loan. Tucker never alleges U.S. Bank *is* the servicer of his loan and fails to allege any conduct by U.S. Bank creating an inference it is the servicer of the loan.

Bank of America attached to its Answer notices it sent to Tucker in February 2011 and November 2012, informing him of the transfers. Tucker alleges he was incarcerated during these time periods and did not receive the notices which were sent to the Stanley Avenue property. The Magistrate Judge found Tucker provided no authority demonstrating Bank of America had a legal obligation to investigate Tucker's whereabouts before sending notice of the transfers. Furthermore, Tucker sent correspondence to Bank of America in August of 2012, attached to Humbert's Answer, showing a return address at the Stanley Avenue address. The Magistrate Judge further determined that Tucker makes no allegation that he requested information from the servicer on the identity or owner of a loan. Such a request is a prerequisite under the statute before a servicer's obligation to provide information on the identity of the Note holder is triggered. Therefore, his claim under RESPA fails.

Finally, the Magistrate Judge recommends dismissing Count Four of Plaintiff's Complaint, seeking a declaratory judgment on the ownership of the Stanley Avenue property.

The Magistrate Judge determined that, insofar as Tucker seeks to quiet title on the Stanley Avenue property, Ohio Revised Code Section 5303.01 precludes such a remedy when there is a consensual mortgage because subsequent assignments are not a cloud on the title.

Insofar as Tucker seeks a declaratory judgment on the property, his Complaint fails to assert a claim or controversy under the Federal Declaratory Judgment Act because he fails to allege his payments have been rejected, that more than one entity seeks payment, requiring he pay double. His Complaint only asserts one entity, U.S. Bank, has asserted a right to payment, therefore, he has failed to allege a concrete legal dispute.

## Tucker's Objections

Tucker makes the following generalized objections to the Magistrate Judge's Report and Recommendation:

1) Relevant caselaw counsels against dismissal for inartfully pled claims and the Magistrate Judge should have construed the claims in favor of Plaintiff and found they stated claims for relief.

2) Plaintiff's Complaint alleged sufficient facts to put Defendants on notice of the validity of the claims against them.

3) Plaintiff provided sufficient facts to Defendants to apprise them of the "true" relationship between Plaintiff and his ex-wife. Plaintiff had notified Defendants not to contact her and there was no legal reason to contact her. The only reason they did so was to harass Plaintiff which the FDCPA prohibits.

4) Should the Court find the claims were not sufficiently pled, the Court should

          allow Plaintiff to amend his Complaint rather than dismiss his claims.

5)      The Bank denied it serviced the loan in its Answer but it now argues it tried to notify Plaintiff that service of the loan was being transferred to another entity. This representation is disingenuous and evidences the Bank, in fact, was the servicer.

## LAW AND ANALYSIS

Under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636, the District Court is required to review *de novo* any portion of the Magistrate Judge's Report to which a specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The District Court need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party. *Thomas v. Arn* 474 U.S. 140, 150 (1985).

Local Rule 72.3(b) recites in pertinent part:

> The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

After reviewing the Magistrate Judge's Report and Recommendation and Plaintiff's Objections, the Court Adopts the Magistrate Judge's Report and Recommendation. Plaintiff argues the Magistrate Judge stated the correct Standard of Review but improperly applied it when she recommended dismissing Plaintiff's claims. The Court holds Plaintiff's Objection

is without merit. First, the Magistrate Judge correctly determined the Complaint made no factual allegation of wrongdoing on the part of U.S. Bank in connection with the letter sent by Defendant Humbert to Plaintiff. A plaintiff's Complaint must allege sufficient facts to render its claims "plausible" under current federal law. The court need not accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir. 2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007)). That is, "*Iqbal* interpreted *Twombly* to require more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for

relief." *Weisbarth*, 499 F.3d at 542.  A complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Here, the Magistrate Judge determined Plaintiff has alleged no facts supporting his claims that U.S. Bank violated the FDCPA.  A review of Plaintiff's Complaint supports such a conclusion.  In the absence of any such allegation, dismissal is warranted.

Furthermore, even if the Court were to construe the acts of Humbert in sending the letter to Plaintiff as somehow implicating U.S. Bank, the Magistrate Judge determined sending the letter to Plaintiff's then wife, Tatianna Cotton, did not violate the FDCPA. Plaintiff does not dispute that at the time Humbert sent the letter to Cotton, Cotton was Plaintiff's wife.  The Magistrate Judge determined that the FDCPA permits communications with a spouse of a consumer regarding a debt under 15 U.S.C. § 1692c, which defines consumer as "the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator."  Therefore, Plaintiff has failed to plausibly allege a violation of the FDCPA against any Defendant and Plaintiff's objection is without merit.

On Plaintiff's claim that Defendants violated RESPA by failing to inform him within the statutory period of servicing transfers, the Magistrate Judge concluded that Plaintiff could not show that U.S. Bank is a servicer of Plaintiff's loan.  Plaintiff's Complaint at paragraph 33 alleges "Defendant U.S. Bank, N.A. now claims they are servicing the loan."  U.S. Bank, in its Answer denied it was servicing the loan.  The Magistrate Judge considered the express allegation by Plaintiff that U.S. Bank "claims" it is servicing the loan and found that by using the term "claims" Plaintiff clearly disagreed that U.S. Bank was the servicer.  Because he did

not allege U.S. Bank *is* a servicer and does not allege any conduct by U.S. Bank creating an inference that it is a servicer, Plaintiff failed to allege a RESPA claim against U.S. Bank.

The Court agrees with the Magistrate Judge's recommendation. The fifteen day notice requirement applies only to servicers. Because the pleadings do not support the conclusion that U.S. Bank was a servicer, it was under no obligation to notice Plaintiff of any transfer.

The Magistrate Judge further recommends dismissing Plaintiff's RESPA claim against Bank of America for failure to notice Plaintiff of the servicing transfers. Bank of America provided its notice letters sent to Plaintiff at his Stanley Avenue address, demonstrating timely compliance with RESPA. In response, Plaintiff contends he was incarcerated at the time and never received the notices. The Magistrate Judge determined no investigation of Plaintiff's whereabouts was required under RESPA and that Plaintiff had provided no law imposing such an obligation on a servicer. Therefore, the Magistrate Judge concluded Bank of America complied with the notice requirements of RESPA. Plaintiff alleges no objection to this determination by the Magistrate Judge and the Court holds the Magistrate Judge correctly applied the law in reaching her recommendation. Therefore, the Court adopts the Report and Recommendation on this portion of the RESPA claim.

The Magistrate Judge further recommends dismissal of Plaintiff's RESPA claim for violation of 12 U.S.C.§ 2605(k)(1)(D) which reads:

(k) Servicer prohibitions

(1) In general

    A servicer of a federally related mortgage shall not--

(D) fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the

owner or assignee of the loan;

The Magistrate Judge determined that Plaintiff never alleged he made a request to Defendants to provide the information. This failure to allege is fatal to Plaintiff's claim because the servicer is only liable if it fails to respond to a request. In the absence of an allegation that Plaintiff requested the information, no liability follows. Plaintiff does not contend he made such a request in his Objections to the Recommendation of the Judge. Therefore, the Court agrees with the Magistrate Judge's Report and Recommendation that Plaintiff's RESPA claim for failure to provide the identity, address and other relevant information be dismissed.

Plaintiff makes no objection to the Magistrate Judge's recommendation that the Court dismiss Plaintiff's declaratory judgment claim. The Court finds the Magistrate Judge's Report and Recommendation correctly states the law and applied it properly in finding Plaintiff's claim fails to allege a case or controversy. Therefore, the Court adopts the Report and Recommendation on the quiet title claim. Also, the Magistrate Judge correctly determined that Plaintiff's claim for Quiet Title failed because he fails to allege a cloud on the title.

The Magistrate Judge recommends and the Court agrees that Plaintiff's Motion for Summary Judgment be denied as it presents the same arguments as presented in his defense of Defendants' dispositive motions. Having determined that none of Plaintiff's arguments provided plausible legal arguments sufficient to defeat Defendants' dispositive motions, the same arguments also do not support summary judgment for Plaintiff on his claims. The Court agrees and adopts the Magistrate Judge's recommendation recommending denial of Plaintiff's

Summary Judgment Motion.

Therefore, for the foregoing reasons, the Court ADOPTS the Report and Recommendation of the Magistrate Judge and grants the Motions for Judgment on the Pleadings of Defendants.

## Motions to Amend

Pending before the Court are two motions by Plaintiff to Amend his Complaint. These Motions were filed after the Magistrate Judge filed her Report and Recommendation recommending dismissal of Plaintiff's claims.

The Court, having reviewed Plaintiff's Motions to Amend, denies the Motions. If a pleading is not amended as a matter of course in the early stages of the case, then Fed.R.Civ.P. 15(a)(2) provides: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." "The Supreme Court has interpreted this statement to mean that, '[i]n the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be freely given.'" *Hahn v. Star Bank,* 190 F.3d 708, 715 (6th Cir.1999) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). The grant or denial of a motion to amend is within the sound discretion of the Court. *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir.1987). " '[T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice.' " *Phelps v. McClellan*, 30 F.3d 658, 662 -663 (6th Cir.

1994) quoting *Evans v. Syracuse City Sch. Dist.,* 704 F.2d 44, 47 (2d Cir.1983).

Plaintiff does not offer a proposed amended complaint and does not describe what new facts would be offered that would warrant granting leave to amend.  By waiting until after he obtained a negative determination by the Magistrate Judge instead of moving at the time the deficiencies in the Complaint were identified by Defendants, Plaintiff's attempt to amend, post-Report and Recommendation results in an undue delay, warranting denial.

Furthermore, Plaintiff seeks to clarify his "inartful" pleading, however, it is clear that his amendments would be futile.  Plaintiff cannot resurrect his FDCPA claim against Defendants because he failed to allege any misconduct by U.S. Bank.  In his Motion to Amend, Plaintiff seeks to add additional detail how the correspondence to his wife violated the FDCPA.  Yet, he does not allege U.S. Bank played any role in the correspondence.  Also, the Magistrate Judge's Report and Recommendation relied on the unambiguous language of the FDCPA that correspondence to the spouse of a consumer regarding a debt does not violate the FDCPA thus, Plaintiff's unidentified amendments would be futile.

On the RESPA claim, he also fails to allege any new facts demonstrating potential liability against the alleged servicers and fails to allege any new facts that plausibly support a claim for a violation.

Finally, on his declaratory judgment and quiet title claims, Plaintiff failed to offer any objection to the Magistrate Judge's recommendation that those claims be dismissed.  Plaintiff only states he will "tighten" the allegations.  Without something more, Plaintiff fails to show how any of the dismissed claims would be supported with plausible facts.  Therefore, the Court denies Plaintiff's Motions.

Therefore, for the foregoing reasons, the Court adopts the Report and Recommendation of the Magistrate Judge and construes Plaintiff's Motion to Rebut as an Opposition brief (ECF # 21); grants Defendants' Motions for Judgment on the Pleadings (ECF # 12, 30, 32), and denies Plaintiff's Motion for Summary Judgment (ECF # 34). The Court denies Plaintiff's Motions to Amend Complaint (ECF #s 47 & 53).

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated: January 20, 2015